[Civ. No. 19030. First Dist., Div. Two. Oct. 4, 1960.]

GEORGE FECHI, Respondent, v. TROJAN CONSTRUCTION COMPANY (a Corporation), Appellant.

Timothy A. O'Connor for Appellant.

Edward J. Nelson for Respondent.

McGOLDRICK, J. pro tem.*—This action for the balance of an amount due under a construction contract was tried before the court sitting without a jury, the court finding in favor of plaintiff, awarding him judgment for the amount due under the contract. Defendant moved for a new trial and from the court's denial thereof and from the judgment, now appeals.

In May 1957, George Fechi, doing business as Fechi Construction Company, entered into a construction contract with the Trojan Construction Company wherein the respondent, George Fechi, doing business as Fechi Construction Company, agreed to supply the labor, tools, and equipment necessary to complete all the rough and finished carpentry work and common labor required in the construction of 16 residences in a certain subdivision owned by appellant. The amount of the contract was $30,750. Respondent completed the work without criticism or complaint from appellant. However, the latter subsequently refused to pay the sum of $8,071.82 of the original contract price, plus $2,903.74 for ''extras'' which appellant had requested during the course of respondent's performance.

Appellant defended the action in part upon the ground that respondent was not licensed as required by law and counterclaimed and cross-complained for damages in the amount of $16,226.50 which appellant alleged he had suffered as the result of respondent's faulty workmanship and claims of lien. The evidence as to the validity of respondent's claim for ''extras'' was in conflict, the trial court finding in favor of

*Assigned by Chairman of Judicial Council.

respondent. The evidence in relation to appellant's claim that respondent delayed in his performance, and his workmanship had been defective was in conflict also; the trial court resolved this in favor of respondent.

The main contention of appellant is that respondent failed to prove himself to be a duly licensed contractor and that, therefore, he was precluded from prevailing in the action by virtue of section 7031, Business and Professions Code. Section 7031, Business and Professions Code reads in part as follows:

"No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this State for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract."

The applicability of this statute to the present situation is not denied; rather it is maintained by the respondent that there has been complete compliance therewith. The evidence discloses that for a period of time commencing prior to the negotiation of the instant contract and continuing to the time of trial respondent had been a duly licensed contractor doing business under and by virtue of the laws of the State of California.

Section 7068 of the Business and Professions Code provides that an individual applicant for a contractor's license may qualify with regard to his experience and knowledge by either personal appearance or the appearance of "his responsible managing employee."

The evidence revealed that respondent's qualifications had been accomplished by the latter method.

Prior to the 1959 amendment, section 7068 of the Business and Professions Code provided that the individual so qualifying on behalf of his employer "shall allege and prove that he is a bona fide member or employee of such individual . . . and at all times when his principal or employer is actively engaged as a contractor shall exercise and be in a position to exercise authority in connection with his principal or employer's contracting business in the following manner: (1) to make technical and administrative decisions; and (2) to hire, superintend, promote, transfer, lay off, discipline or discharge other employees and the responsibility by himself or through others to direct them or effectively to recommend such action on behalf of his principal or employer.

"If the individual qualifying . . . ceases for any reason whatsoever, to be connected with the licensee . . ., the licensee shall notify the registrar in writing within 10 days from such cessation. . . .

"If the licensee fails to notify the registrar within the 10-day period, at the end of the period his license shall be ipso facto suspended. . . ."

▮▮▮▮ Appellant contends that respondent's responsible managing employee, one Nick Bebek, Jr., was so disassociated from the job in question that he failed in his duty to be present and to supervise said job, as to cause respondent's license to be under said section, *supra, ipso facto* suspended as a matter of law. The evidence, however, and the findings of the court do not support appellant in this position.

Respondent testified that he had personally escorted Bebek to the construction site on one or two occasions; that had any problems arisen in connection with the job, respondent or his foreman would have consulted Bebek; that respondent was certain that Bebek had passed on the foreman's qualifications prior to the latter's employment by respondent; that although respondent had not yet paid Bebek for any of his services, the latter was to receive a certain percentage of any business respondent Fechi performed and that his business records would reflect that accrued amount.

Even if Bebek had no connection whatever with this specific contract as contended by appellant, he cites no authority that that fact alone would cause respondent's license to be *ipso facto* suspended as a matter of law.

There is no evidence that Bebek had, in the language of section 7068, Business and Professions Code, ceased to be connected with respondent and despite appellant's argument to the contrary, the trial court allowed appellant every opportunity to pursue this subject, albeit protesting that such appeared to be leading rather far afield.

It should be noted finally in *Judson Pacific-Murphy Corp.* v. *Durkee*, 144 Cal.App.2d 377 [301 P.2d 97], that the court held section 7068 of the Business and Professions Code not to be self-executing and that its applicability with regard to suspension is a matter to be left to the licensing board. This is true, even though section 7106 of the Business and Professions Code empowers a court to suspend or revoke a contractor's license, for that section is, by its very terms, "limited to cases where the question involved is 'the licensee's performance of his legal obligations as a contractor.' " *Ibid*, at 385.

Moreover, the court in the case of *Judson Pacific-Murphy Corp.* v. *Durkee, supra,* termed the violation of section 7068 to be a "disciplinary matter," unconnected with the performance of legal obligations under a contract and held the appellant's failure to exhaust its administrative remedies through the Contractors' State License Board to preclude court action. The case at bar under this authority would not call for application by the court. (§ 7068.)

Thus, viewed either in the terms of section 7068 or in lieu thereof, there was substantial evidence from which the court could find that respondent was properly licensed at all times pertinent to this action. The trial court so found, and under the settled rule on appeal this court is bound by that finding.

The order denying motion for new trial is not appealable, and the appeal therefrom is dismissed. The judgment is affirmed.

Draper, Acting P. J., and Shoemaker, J., concurred.